UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OMAR MARRERO, )
        Plaintiff )
)
)
v. ) Civil Action No. 04-30230-KPN
)
)
)
FRANKLIN COUNTY HOUSE OF )
CORRECTION, et al., )
        Defendants )

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (Docket No. 8)
August 30, 2005

NEIMAN, U.S.M.J.

    Presently before the court is Defendants' unopposed motion for summary judgment with respect to Omar Marrero ("Plaintiff")'s civil rights complaint. That complaint, filed against various persons connected with the Franklin County House of Correction, as well as the jail and county themselves, makes a variety of allegations concerning conditions at the facility. The parties have consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). For the reasons which follow, the court will allow Defendants' motion.

    "Even where the record is circumscribed because summary judgment [is] unopposed, a district court may grant summary judgment against the nonresponding party only 'if appropriate.'" *Torres-Rosado v. Rotger-Sabat*, 335 F.3d 1, 9 (1st Cir. 2003) (quoting Fed. R. Civ. P. 56 (e)). Accordingly, "before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its

burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." *Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510, 1517 (1st Cir. 1991) (citations and internal quotation marks omitted).

Here, the court, having undertaken the required inquiry, finds it appropriate to grant summary judgment in Defendants' favor. First, the court concludes that Plaintiff's claims as set forth in the complaint hardly rise to a level of Eighth Amendment violations. More importantly for purposes here, however, and as factually supported by the affidavit of Sheriff Fred MacDonald, Plaintiff is no longer a resident of the Franklin County jail and is therefore precluded from obtaining any equitable relief. *See Purvis v. Ponte*, 929 F.2d 822, 825 (1st Cir. 1991). Finally, as argued by Defendants, Plaintiff's suit is barred under the Eleventh Amendment which proscribes damage suits against states without their consent. *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 634 (1999); *Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002).

Accordingly, Defendants' motion is ALLOWED, judgment shall enter in their favor, and the case will be closed.

IT IS SO ORDERED.

DATED: August 30, 2005

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge